**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3912
_____

BIGENSTON FLOREAL,
a/k/a James Cobbs,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A025-449-397)
Immigration Judge:  Honorable Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 8, 2015

Before: AMBRO, VANASKIE and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 8, 2015)
_____

OPINION[*]
_____

PER CURIAM

Pro se petitioner Bigenston Floreal petitions for review of the Board of

Immigration Appeals' ("BIA") final order of removal.  We will deny the petition.

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Floreal is a native and citizen of Haiti who entered the United States in 1994, when he was six years old. He entered the United States as a refugee, accompanying his father and several other family members. His status was adjusted to that of Lawful Permanent Resident in 1995. In 2007, Floreal pleaded guilty in New Jersey state court to possession of heroin with intent to distribute within 1,000 feet of a school in violation of N.J. Stat. Ann. § 2C:35-7. He was sentenced to three years of probation. Then, in 2009, Floreal pleaded guilty in New Jersey state court to possession of cocaine in violation of N.J. Stat. Ann. § 2C:35-10(A)(1).

Thereafter, the Department of Homeland Security initiated removal proceedings, charging Floreal as removable for having been convicted of an aggravated felony, see 8 U.S.C. § 1227(a)(2)(A)(iii), and a controlled substance offense, see 8 U.S.C. § 1227(a)(2)(B)(i). Floreal conceded his removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). He designated the Dominican Republic as the country of removal, if removal is necessary. Haiti is listed as the alternate country of removal if the Dominican Republic will not accept him.

In an April 16, 2014 decision, the Immigration Judge ("IJ") denied Floreal's application. The IJ first determined that Floreal's 2007 conviction in violation of N.J. Stat. Ann. § 2C:35-7 for possession of heroin with intent to distribute within 1,000 feet of

2

a school constituted an aggravated felony under the Immigration and Nationality Act ("INA"), thereby rendering Floreal ineligible for asylum, cancellation of removal, and voluntary departure. The IJ further determined that Floreal was not eligible for withholding of removal under the INA or the CAT because the heroin conviction was a "particularly serious crime" pursuant to 8 U.S.C. § 1231(b)(3)(B)(ii). Citing to In re Y-L-, 23 I. & N. Dec. 270 (Att'y Gen. Op. 2002), the IJ noted that an aggravated felony involving drug trafficking presumptively constitutes a "particularly serious crime," and then explained that Floreal did not qualify for a departure from the presumption because the crime "may involve juveniles." (A.R. at 38.) Thus, the IJ determined that the only relief for which Floreal could be considered was deferral of removal under the CAT.

Floreal's claim for CAT relief was based on his status as a criminal deportee and the repercussions of his father's political activities with Lavalas, a group that sought former Haitian President Jean-Bertrand Aristide's return to power. In support of his assertion that he would be tortured due to his status as a criminal deportee, Floreal relied primarily on the U.S. State Department's 2012 Human Rights Report for Haiti. Floreal highlighted the Report's acknowledgement of corruption in Haiti, abuse of detainees and suspects, participation by authorities in kidnappings, vigilante reprisals, and the requirement that deportees be monitored for 18 months by signing in at police stations every week. The IJ determined that this evidence "[did] not establish[] that the government in Haiti has formed the specific intent to torture [Floreal] because he is a

3

deportee . . . ." (Id. at 42.)

Thus, the IJ stated that Floreal's CAT claim was dependent on the likelihood that his father's enemies "would continue to wish to harm Mr. Floreal if he returned and this might make him a greater risk than other deportees who are required to sign in with police stations for the 18 month period mentioned in the Country Report." (Id. at 40.) The IJ determined that Floreal had not established that it was more likely than not that he would be tortured due to repercussions from his father's political activities, or that his father's activities would make it more likely that he would be targeted as a criminal deportee. Accordingly, the IJ denied Floreal's claim for deferral of removal under the CAT.

Floreal timely appealed to the BIA, and on August 25, 2014, the BIA affirmed the IJ's decision without an opinion pursuant to 8 C.F.R. § 1003.1(e)(4). Floreal has now filed a timely petition for review, which the Government opposes.

II.

We have jurisdiction over the petition for review under 8 U.S.C. § 1252(a)(1). However, because the basis for Floreal's removal is his conviction for an aggravated felony (a determination that he does not challenge), our jurisdiction is limited to reviewing colorable constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(C)-(D); Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010).

Floreal first challenges the IJ's determination that his conviction under N.J. Stat.

4

Ann. § 2C:35-7 constituted a particularly serious crime that rendered him ineligible for withholding of removal. In the withholding of removal context, an aggravated felony for which the petitioner has been sentenced to less than five years' imprisonment is not a particularly serious crime *per se*; rather, "it [is] left up to the Attorney General" to make the determination. Lavira v. Att'y Gen., 478 F.3d 158, 161 (3d Cir. 2007), overruled on other grounds by Pierre v. Att'y Gen., 528 F.3d 180 (3d Cir. 2008) (en banc). In In re Y-L-, the Attorney General concluded that drug trafficking crimes are presumed to be "particularly serious," but acknowledged "the possibility of the very rare case where an alien may be able to demonstrate extraordinary and compelling circumstances" rebutting that presumption. 23 I. & N. Dec. at 276. The Attorney General set forth six requirements that a petitioner would have to meet as a prerequisite for consideration of "whether other, more unusual circumstances . . . might justify departure from the default interpretation that drug trafficking felonies are 'particularly serious crimes.'" Id. at 277. Those six requirements are:

> (1) a very small quantity of controlled substance; (2) a very modest amount of money paid for the drugs in the offending transaction; (3) merely peripheral involvement by the alien in the criminal activity, transaction, or conspiracy; (4) the absence of any violence or threat of violence, implicit or otherwise, associated with the offense; (5) the absence of any organized crime or terrorist organization involvement . . . ; and (6) the absence of any adverse or harmful effect of the activity or transaction on juveniles.

Id. at 276-77.

Here, the IJ determined that Floreal's conviction for third degree possession of

5

heroin with intent to distribute within 1,000 feet of a school was presumptively a "particularly serious crime" under In re Y-L- because it was a drug trafficking crime. The IJ then stated that Floreal "ha[d] failed to establish all of the requirements necessary to justify a departure" from that presumption because "this type of offense may involve juveniles." (A.R. at 38.) It was Floreal's burden to rebut the presumption that his drug trafficking conviction was "particularly serious," see Denis v. Att'y Gen., 633 F.3d 201, 216-17 (3d Cir. 2011); In re Y-L-, 23 I. & N. at 277, and there is no indication that Floreal attempted to do so, as there was no discussion or evidence concerning the circumstances of the crime introduced during the removal proceedings. Accordingly, the IJ properly concluded that Floreal did not rebut the presumption that his crime was "particularly serious."

Floreal also asserts that the IJ failed to consider all of the evidence relevant to his CAT claim, particularly evidence concerning the kidnapping risk for deportees and that he would have to report weekly to the Haitian police.[1] However, contrary to Floreal's claims, the IJ's opinion makes it abundantly clear that she considered the evidence relating to Floreal's risk of kidnapping, and she noted the possibility that, as a deportee, he would have to report to the police. Further, the mere fact that she did not discuss

---

[1] Contrary to the Government's argument, Floreal's challenge to the denial of his CAT claim does raise a question of law. See Green v. Att'y Gen., 694 F.3d 503, 508 (3d Cir. 2012) (suggesting, in the context of a CAT claim, that the failure to consider relevant evidence is legal error).

6

every piece of evidence does not mean that certain evidence was not considered. See

Huang v. Att'y Gen., 620 F.3d 372, 388 (3d Cir. 2010) (stating that the IJ and BIA need

not "discuss every piece of evidence" presented by an applicant). There is no indication

that the IJ failed to consider evidence relevant to Floreal's CAT claim, and Floreal's

claim to the contrary fails.

Finally, Floreal asserts that the BIA inappropriately streamlined his case pursuant

to 8 C.F.R. § 1003.1(e)(4). Pursuant to that regulation, the BIA may affirm without an

opinion if

> the result reached in the decision under review was correct;
> that any errors in the decision under review were harmless or
> nonmaterial; and that (A) [t]he issues on appeal are squarely
> controlled by existing Board or federal court precedent and do
> not involve the application of precedent to a novel factual
> situation; or (B) [t]he factual and legal issues raised on appeal
> are not so substantial that the case warrants the issuance of a
> written opinion in the case.

8 C.F.R. § 1003.1(e)(4)(i). After fully reviewing the IJ's decision, we conclude that there

is nothing in the record to suggest that the BIA's decision to streamline Floreal's appeal

was arbitrary and capricious. Accordingly, Floreal is not entitled to relief on this claim.

See Konan v. Att'y Gen., 432 F.3d 497, 506 n.5 (3d Cir. 2005) (citing Smriko v.

Ashcroft, 387 F.3d 279, 293-94 (3d Cir. 2004)).

In light of the above, we will deny Floreal's petition for review.

7